UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRUSTEES OF THE IAM NATIONAL
PENSION FUND,

    *Plaintiffs*,

v.

M & K EMPLOYEE SOLUTIONS, LLC,
*et al.*,

    *Defendants*.

Case No. 20-cv-433 (RCL)

**MEMORANDUM OPINION**

On April 20, 2021, the Court preliminarily enjoined defendants M & K Employee Solutions, LLC; M & K Employee Solutions, LLC-Alsip; M & K Employee Solutions, LLC-Illinois Leasing; M & K Employee Solutions, LLC-Joliet; M & K Employee Solutions, LLC-Northern Illinois; M & K Employee Solutions, LLC-Summit; and Laborforce LLC ("the defendants") to pay the Trustees of the IAM National Pension Fund ("the Trustees") the $6,158,482 in withdrawal liability assessed by the Fund to M & K Employee Solutions, LLC-Alsip. ECF Nos. 70 & 71. Three weeks later, the defendants moved under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's Order preliminarily enjoining them. ECF No. 72. Under that Rule, relief is proper if there has been an intervening change of controlling law, if new evidence has been discovered, or if the district court finds "the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1993)).

The defendants neither cite an intervening change in controlling law nor introduce any new evidence that has come to light since the Court entered its April 2021 Order. *See* ECF Nos. 72-1

1

& 76. Instead, they say that the Court should vacate or modify its April 2021 Order because the defendants were denied an opportunity to be heard on the Trustees' preliminary-injunction motion. ECF No. 72-1 at 1. Because of this, they say, enforcing the April 2021 preliminary injunction as written would be manifestly unjust. *Id.*

If it were true that the Court denied the defendants an opportunity to respond to the Trustees' preliminary-injunction motion, the defendants' claim of manifest injustice might have merit. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The defendants' claim, however, is based on a series of misrepresentations of the procedural history leading up to the Court's entry of its April 2021 preliminary-injunction Order. Contrary to the defendants' characterization of the proceedings, they had notice of the Trustees' preliminary-injunction motion and an opportunity to respond. *See* ECF No. 62-24 (certification of service of the Trustees' preliminary-injunction motion on all defendants); ECF No. 63. Rather than responding to the motion, the defendants separately moved for a scheduling conference or, alternatively, to extend the time to oppose the Trustees' motion until after Laborforce filed its answer to the Third Amended Complaint. ECF No. 63 at 5. Yet as it explained at length in its Memorandum Opinion, the Court found that the defendants' motion gave "no good reason to deviate from the Court's ordinary practices governing preliminary injunction applications," and so it denied the motion. ECF No. 69 at 27 (citing LCvR 65.1(c)).

Defendants also claim that the Court abused its discretion by not holding an evidentiary hearing on the Trustees' preliminary-injunction motion. ECF No. 72-1 at 20. Citing *Cobell v. Norton*, the defendants argue that "if there are genuine issues of material fact *raised in opposition* to a motion for a preliminary injunction, an evidentiary hearing is required." 391 F.3d 251, 261–

62 (D.C. Cir. 2004) (emphasis added). Again, the defendants did not timely oppose the Trustees' preliminary-injunction motion. So no hearing was required.

Due process requires notice and an opportunity to be heard. *See Mathews*, 424 U.S. at 333. The defendants had both, but they never bothered to timely oppose the Trustees' preliminary-injunction motion. Accordingly, the Court will **DENY** the defendants' Rule 59(e) motion to alter or amend the Court's April 2021 preliminary-injunction Order. A separate Order consistent with this Memorandum Opinion shall issue contemporaneously.

Date: June 4, 2021

Hon. Royce C. Lamberth
United States District Judge