# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUSTEES of the IAM NATIONAL PENSION FUND,<br><br>                    The Funds,<br><br>v.<br><br>M & K EMPLOYEE SOLUTIONS, LLC; M & K EMPLOYEE SOLUTIONS, LLC-ALSIP; M & K EMPLOYEE SOLUTIONS, LLC-ILLINOIS LEASING; M & K EMPLOYEE SOLUTIONS, LLC-JOLIET; M & K EMPLOYEE SOLUTIONS, LLC-NORTHERN ILLINOIS; M & K EMPLOYEE SOLUTIONS, LLC-SUMMIT; M & K QUALITY TRUCK SALES OF ALSIP, LLC; M & K QUALITY TRUCK SALES OF JOLIET, LLC; M & K QUALITY TRUCK SALES OF NORTHERN ILLINOIS, LLC; M & K QUALITY TRUCK SALES OF SUMMIT, LLC; LABORFORCE, LLC; XYZ CORPORATIONS 1-10; and JOHN and JANE DOES 1-10,<br><br>                    Defendants. | Case No. 1:20-cv-00433-RCL |

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO THE FUND'S MOTION TO COMPEL

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................. 1

II.    ARGUMENT ................................................................................... 2

III.   CONCLUSION................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Freedom Def. Initiative v. Washington Metro. Area Transit Auth.,*
 2020 WL 7014204, at n. 2 (D.D.C. Nov. 27, 2020) ................................................... 5

*Carpenters' Dist. Council of St. Louis & Vicinity v. DLR Opportunities, Inc.,*
 No. 4:07-CV-61 CAS, 2008 WL 163590 (E.D. Mo. Jan. 17, 2008) ........................... 6

*N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co.,*
 No. C14-1680JLR, 2017 WL 2215779 (W.D. Wash. May 19, 2017) ........................ 6

*Sines v. Kessler,*
 No. 3:17-cv-00072, 2021 WL 1143291 (W.D. Va. Mar. 24, 2021) ........................... 6

*Spencer v. Hill,*
 No. PJM-06-2492, 2009 WL 2602348 (D. Md. Aug. 20, 2009) ................................ 6

**Statutes**

29 U.S.C. § 1401(d) .......................................................................................................... 2

ii

Defendants, M&K Quality Truck Sales of Alsip, LLC, M&K Quality Truck Sales of Joliet, LLC, M&K Quality Truck Sales of Northern Illinois, LLC, and M&K Quality Truck Sales of Summit, LLC (Truck Sales Defendants) Defendants, M&K Employee Solutions, LLC, M&K Employee Solutions, LLC-Alsip, M&K Employee Solutions, LLC-Illinois Leasing, M&K Employee Solutions, LLC-Joliet, M&K Employee Solutions, LLC-Northern Illinois, and M&K Employee Solutions, LLC-Summit (M&K Employee Defendants), and Defendant, Laborforce, for their Response in Opposition to Plaintiff's Motion to Compel the Rule 30(b)(6) and 30(b)(1) Depositions, states as follows:

## I.   INTRODUCTION

While the M&K Employee Defendants were arbitrating the validity of the $6,158,482 assessment made by the Trustees of the IAM National Pension Fund (Fund), the Fund initiated this lawsuit seeking interim payments. In the pending arbitration before Arbitrator Stanley L. Aiges, the M&K Employee Defendants argued that the assessment was substantially inflated because the Fund's calculation method was overwhelmingly flawed, and the Fund knew it.  On July 13, 2021, Arbitrator Aiges agreed.  Pursuant to the Arbitration Award:

> The Fund improperly failed to calculate M&K's withdrawal liability using the assumptions and methods in effect on the December 31, 2017 measurement date.  M&K's motion for partial summary judgment is granted.  The Fund is ordered to annul its assessment of withdrawal liability and to recalculate it using the methods and assumptions in effect on the December 31, 2017 Measurement date.

*See* Arbitration Award, ECF 90-19.

1

As a result of the Arbitration Award and as discussed with counsel for the Fund during the parties "meet and confer" on July 15, 2021, the obligation to make interim payments and thus, the purpose of the Fund's lawsuit existed only "until the arbitrator issues a final decision with respect to the determination submitted for arbitration...." 29 U.S.C. § 1401(d). Because the Arbitrator has annulled the assessment, the basis for this litigation, including the basis supporting the Injunctive Orders issued by this Court on March 19, 2020 [ECF No. 22] and April 20, 2021 [ECF No. 70] is no longer valid.[1] The Fund disagreed and advised that it was nevertheless moving forward with its litigation and refused to dismiss its claim for withdrawal liability interim payments alleged in the pending Third Amended Complaint.

For this reason, the next day on July 16, 2021, Defendants filed a joint motion for protective order (ECF 89) in which they asked this Court to prevent the Fund from pursuing the pending discovery, including the depositions which the Fund now seeks to compel.

The Fund's motion has no merit.

## II.   ARGUMENT

Contrary to local custom, counsel for the Fund sent out Notices of Depositions to counsel for Defendants without meeting and conferring on available dates. (*See* ECF 90-3, 90-4 and 90-5; *See also* Vogel Declaration attached hereto as Exhibit 1, at ¶ 3.) Following receipt of the deposition notices, the parties scheduled a "meet and confer" conference to discuss the depositions. At the conference on April 29, 2021, the

---

[1] Because there is no longer a valid assessment, Defendants will be, separately, filing a motion for summary judgment with respect to the interim withdrawal liability claims.

undersigned indicated that he was unable to commit to a date for the depositions in May because of his schedule.  Vogel Declaration at ¶ 4.  By agreement of the parties, the Rule 30(b)(1) deposition of Chad Boucher and the Rule 30(b)(6) deposition of the M&K Employee Defendants (also designated to be Chad Boucher) were rescheduled for June 16, 2021, and counsel for the Fund sent out revised Notices (ECF 90-8 and 90-9.)   Vogel Declaration at ¶ 5. There was no objection or complaint about rescheduling these depositions, especially in light of the fact that the discovery cutoff is not until January 31, 2022 (ECF 55.)  Vogel Declaration at ¶ 6

At a subsequent meet and confer between counsel on May 24, 2021, counsel for Laborforce, who originally objected to presenting a Rule 30(b)(6) witness, changed her position and agreed to present witnesses in response to the Fund's Rule 30(b)(6) motion (in other words, the meet and confer accomplished its intended goal of counsel working out discovery problems.)   Counsel for the Fund and Laborforce agreed on June 29-30, 2021 for the date of the deposition, and Laborforce designated Chad Boucher as the witness for most of the subjects delineated by the Fund (ECF 90-6.) Vogel Declaration at ¶ 7.

Following receipt of the notices of depositions scheduled for June 16, 29 and 30, the undersigned contacted counsel for the Fund and indicated it made no sense to separate Mr. Boucher's deposition over the course of two weeks, and stated the more judicious schedule would be to take all of the depositions on June 29 and 30. (ECF 90-10.)  Counsel for the Fund agreed.  Vogel Declaration at ¶ 8.

At the same time the parties were attempting to schedule depositions, the Fund was pursuing a motion for contempt against, among others, Chad Boucher, the deponent in the upcoming depositions.  Following review of the aggressive papers filed by the Fund, it was recommended that Mr. Boucher seek independent counsel to advise him regarding the contempt proceedings.  The undersigned advised counsel for the Fund about the situation, and asked for counsel's agreement to continue the depositions until Mr. Boucher could obtain independent counsel. (ECF 90-14.)  And once again, counsel for the Fund agreed!  *Id., See also* Vogel Declaration at ¶ 9 and Exhibit 1 thereto.

Finally, the parties agreed to the depositions of Chad Boucher and the other Rule 30(b)(6) designees to be held on July 14 and 15, 2021.  There was no general objection to the subjects covered because, at that time, the subjects were at issue given the status of the instant litigation vis-à-vis the arbitration and the withdrawal liability assessment.  Vogel Declaration at ¶ 10. However, the Arbitration Award completely changed the nature of the federal court lawsuit, and the applicability of the "pay now, dispute later" collection scheme no longer was applicable with the arbitrator's decision.

 As such, the Fund intentionally mischaracterizes the events regarding the depositions cancelled on July 13, 2021.  As noted, the Arbitration Award was issued on July 13, 2021, one day before the depositions were scheduled to begin. Counsel for M&K Employee Defendants and Laborforce promptly notified the Fund that the Arbitration Award negated the Fund's entitlement to (and, indeed, need for) the

scheduled depositions (ECF 90-21, page 3), demanded that the federal court lawsuit be dismissed (*Id.*), and filed the Motion for Protective Order within three days and one day after the parties meet and confer (ECF 89.) The Fund believes that M&K Employee Defendants did not act quickly enough and had an obligation to review the Arbitration Award, schedule and hold a meet and confer pursuant to Local Rule 7(m), and draft and file the Motion for Protective Order instantaneously—i.e., on July 13, all before the depositions were scheduled to commence the next day. Moreover, the Fund's authority for this unreasonable position only addresses objections to deposition topics, not the right to take the depositions in the first instance. *See Am. Freedom Def. Initiative v. Washington Metro. Area Transit Auth.*, 2020 WL 7014204, at n. 2 (D.D.C. Nov. 27, 2020) (addressing the timeliness of a motion for a protective order over the scope of deposition topics and finding the motion timely). The situations are inapposite: while parties typically know their objections to the contents of a deposition notice at the time it is served, the M&K Employee Defendants could not have presented a Motion for Protective Order to this Court *before* July 13, 2021— the day the Arbitration Award changed the Trustees' ability to maintain this action. Moreover, the Fund's allegations regarding the earlier rescheduled depositions is a red herring.  Rescheduling depositions is an ordinary part of litigation, especially where here the Fund arbitrarily chose deposition dates without consulting counsel, and subsequently agreed to the rescheduled dates.  Further, the discovery cutoff is not until January 31, 2022 – six months away.

Finally, the Fund's demand that the Court needs to mobilize United States Marshalls to resolve a discovery issue in a civil lawsuit is entirely inappropriate and yet another example of the extrajudicial overzealousness that has characterized the Fund's actions towards the M&K Employee Defendants. Unlike the handful of out-of-district cases cited by the Fund, the M&K Employee Defendants have appeared in Court, are represented by counsel, have been responsive throughout the discovery process, are not in default judgment, and have not failed to respond to an order to show cause. *Cf. Carpenters' Dist. Council of St. Louis & Vicinity v. DLR Opportunities, Inc.*, No. 4:07-CV-61 CAS, 2008 WL 163590 (E.D. Mo. Jan. 17, 2008) (issuing an order to show cause for failing to appear for a deposition after the deponent had failed to file an appearance in the case, the deposing party had obtained default judgment, and a subsequent order to compel had been issued against the deponent); *Sines v. Kessler*, No. 3:17-cv-00072, 2021 WL 1143291 (W.D. Va. Mar. 24, 2021) (detailing the numerous opportunities provided to an alleged neo-Nazi terrorist to comply with discovery obligations, including numerous orders compelling performance and monetary sanctions, and noting the defendant "was still absent from this case and proceeding in total disregard of court orders"); N. *Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co.*, No. C14-1680JLR, 2017 WL 2215779, at *6 (W.D. Wash. May 19, 2017) (awarding a bench warrant for the arrest of a deponent who had not only failed to appear for a deposition, but also to respond to numerous pleadings, the motion to compel at issue, or an order to show cause); *Spencer v. Hill,* No. PJM-06-2492, 2009 WL 2602348, at *3 (D. Md. Aug. 20, 2009) (detailing how the

6

deponent failed to appear substantively at any stage of the case, including after default judgment was granted and multiple opportunities were provided to appear in court).

## III.   CONCLUSION

There is simply no basis for the relief which the Fund seeks.  The Defendants are willing to present witnesses framed to the one count (Count III of the Third Amended Complaint) dealing with the sole remaining issue which is outside of the "pay now, dispute later" counts which were resolved by the Arbitration Award.[2] Rather, the motion for protective order previously filed should be granted, preventing the Fund from pursuing discovery in a case which should be dismissed.

August 4, 2021

Respectfully submitted,

SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.

By:_____/s/  Donald J. Vogel_____
Donald J. Vogel (*Pro Hac Vice*)
30 West Monroe Street, Suite 1600
SCOPELITIS, GARVIN, LIGHT,
 HANSON & FEARY, P.C.
Chicago, IL 60603
Telephone: 312 255 7178
E-Mail: dvogel@scopelitis.com

William H. Shawn (DC Bar # 198416)
SHAWNCOULSON, LLP
1320 19th Street NW, Suite 601
Washington D.C. 20036
Telephone: 202 331 7900
E mail: wshawn@shawncoulson.com

---

[2]      On July 20, 2021, the Fund reassessed the M&K Employee Defendants the amount of $1,797,781 (less than 30% of the original assessment,) which the M&K Employee Defendants are arranging to pay once the Fund provides the statutory interim payment schedule required by 29 U.S.C. § 1399(b)(1).

*Attorneys for M & K Employee Solutions, LLC, M & K Employee Solutions, LLC-Alsip, M & K Employee Solutions, LLC-Illinois Leasing, M & K Employee Solutions, LLC-Joliet, M & K Employee Solutions, LLC-Northern Illinois, and M & K Employee Solutions, LLC-Summit*

By:  */s/ Lynn W. Esp*

    Lynn W. Esp (*Pro Hac Vice*)
4350 Clyde Park Avenue SW
Wyoming, MI 49509
616.485.7312 (Phone)
619.485.7312 (Mobile)
lynn.esp@mktruck.com

Steven M. Oster
Oster McBride PLLC
D.C. Bar No. 376030
1320 19th Street, N.W., Suite 600
Washington, DC 20036
202.596.5291 (Phone)
703.577.8785 (Mobile)
steve@osterlawfirm.com

*Attorneys for Defendants, M&K Quality Truck Sales of Alsip, LLC, M&K Quality Truck Sales of Joliet, LLC, M&K Quality Truck Sales of Northern Illinois, LLC, and M&K Quality Truck Sales of Summit, LLC and Defendant, Laborforce, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Donald J. Vogel* _____

4850-9473-7396, v. 2