**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TRUSTEES OF THE IAM NATIONAL PENSION FUND,**<br><br>*Plaintiffs*,<br>v.<br><br>**M&K EMPLOYEE SOLUTIONS, LLC, et al.,**<br><br>*Defendants*. | Case No. 1:20-cv-00433-RCL |

## ORDER

Defendants have filed a consent motion to vacate this Court's March 19, 2020 Order, ECF No. 22, and the amended April 20, 2021 Order, ECF No. 70, both of which entered a preliminary injunction against them and in favor of the plaintiffs. ECF No. 105. Defendants argue that as "a result of [recent] payments" by M&K Employee Solutions to the IAM National Pension Fund, the "preliminary injunction orders are no longer necessary" and request that they be "dissolved." ECF No. 105 at 2.

But this Court's April 20, 2021 preliminary injunction Order and the subsequent Order refusing to alter or amend, ECF No. 80, are pending appeal with the District of Columbia Circuit. *See* ECF Nos. 86 & 87 (notice of appeal). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Because the issue on appeal is the exact same preliminary injunction the parties now move to vacate, this Court lacks jurisdiction.

1

Federal Rule of Civil Procedure 62.1(a) allows a district court, if a "timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," to take three possible actions. The court may either (1) defer consideration of the motion, (2) deny it, or (3) state that "it would grant the motion if the court of appeals remands for that purpose" or "state that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Here, the Court takes the third option. The Court is filing this indicative ruling to state that if the District of Columbia Circuit remanded for the purpose of vacating the preliminary injunction, the Court would grant the parties' consent motion.

Defendants are also instructed that Rule 62.1(b) requires movants to "promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1" when, like here, the "district court states that it would grant the motion." Fed. R. Civ. P. 62.1(b).

It is **SO ORDERED**.

Date: November ___, 2021

_____
Hon. Royce C. Lamberth
United States District Judge