**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**TRUSTEES of the IAM NATIONAL PENSION FUND,**

*Plaintiffs,*

**v.**

**M & K EMPLOYEE SOLUTIONS, LLC,** *et al.*,

*Defendants.*

**Case No. 1:20-cv-433-RCL**

**MEMORANDUM OPINION**

Before the Court are two motions by plaintiffs, the Trustees of the IAM National Pension Fund ("the Trustees"), to recover from defendants M & K Employee Solutions, LLC, M & K Employee Solutions, LLC-Alsip, M & K Employee Solutions, LLC-Illinois Leasing, M & K Employee Solutions, LLC-Joliet, M & K Employee Solutions, LLC-Northern Illinois, and M & K Employee Solutions, LLC-Summit (together, "the M & K Employee Solutions Defendants") and defendant Laborforce, LLC attorneys' fees and costs incurred in connection with three depositions in this matter that those defendants abruptly canceled and later rescheduled. The first motion seeks attorneys' fees incurred in preparing for those depositions, *see* ECF No. 124, while the second motion seeks attorneys' fees and costs incurred in taking them, *see* ECF No. 133.

Both motions followed a Memorandum Opinion from earlier this year in which this Court, among other things, indicated that it would "sanction the defendants for failing to appear" at the depositions, "but not for opposing the [Trustees'] successful motion to compel" them. *Trustees of the IAM Nat'l Pension Fund v. M & K Empl. Solutions, LLC*, ("*IAM II*"), No. 20-cv-433-RCL, 2022 WL 594539, at *13 (D.D.C. Feb. 28, 2022). Upon further reflection, the portion of that

Opinion concerning attorneys' fees was inadequately explained, and so the Court will reconsider *sua sponte* its conclusion regarding the particular expenses to be awarded. The Court will therefore **DENY** both motions for attorneys' fees without prejudice and consider further motions for attorneys' fees incurred in litigating the successful motion to compel under the standards that follow.

## I. BACKGROUND

The Court explained the broader factual and procedural background of the case at length in two previous Memorandum Opinions. *See IAM II*, 2022 WL 594539, at *1–5; *Trustees of the IAM Nat'l Pension Fund v. M & K Empl. Solutions, LLC* ("*IAM I*"), No. 20-cv-433-RCL, 2021 WL 1546947, at *1–3 (D.D.C. Apr. 20, 2021). Therefore, the Court will summarize here only the background information pertinent to the present motions for attorneys' fees and costs.

This case grows out of a dispute over defendants' liability under the Multiemployer Pension Plan Amendments Act ("MPAA"), which amended the Employee Retirement Income Security Act ("ERISA"), for withdrawing from the IAM National Pension Fund ("the Fund"), a multiemployer pension plan. Over a year after the Trustees filed this action, on July 13, 2021, an arbitrator determined that the Fund had improperly assessed the amount of defendants' withdrawal liability and ordered the Fund to recalculate that amount. *IAM II*, 2022 WL 594539, at *4. That same day, the M & K Employee Solutions Defendants and Laborforce canceled their respective depositions, which were scheduled to take place over the two days that followed. *Id.* at *12. The Trustees moved to compel those depositions and for an award pursuant to Federal Rules of Civil Procedure 37(a)(5) and 37(d)(3) of attorney's fees and costs incurred in litigating the motion to compel and in preparing for, and eventually taking, the depositions. *See* ECF No. 90.

In a February 28, 2022 Memorandum Opinion addressing a host of motions, the Court indicated that it would sanction the M & K Employee Solutions Defendants and Laborforce

pursuant to Rule 37 by granting an award of attorney's fees and costs incurred in preparing for and taking the depositions, but not those incurred in preparing the motion to compel. *Id.* at *12–13. In the accompanying Order, the Court instructed "the Trustees to brief the Court on the proposed amount of attorneys' fees expended in preparing for the aborted depositions." Feb. 28, 2022 Order at 1, ECF No. 116.

On March 14, 2022, the Trustees moved for attorneys' fees incurred in preparing for the aborted depositions, requesting an award of $30,670.00, "payable by the M&K Employees Defendants, Laborforce, and their respective counsel." Mem. in Supp. of Pls.' Mot. for Atty. Fees at 6, ECF No. 124-1. Thereafter, the Trustees re-noticed those depositions and conducted them on April 14 and 18, 2022, with the M & K Employee Solutions Defendants and Laborforce both designating Chad Boucher and Laura Schneider as deponents and Laborforce also designating Josh Wolf as a deponent. Decl. of Neil V. Shah ("Shah Decl. II") ¶¶ 6–7, ECF No. 133-2. The Trustees then filed a further motion for attorneys' fees and costs incurred in *taking* them, requesting $32,697.15 "payable by the M&K Employees Defendants, Laborforce, and their respective counsel." Mem. in Supp. of Pls.' Mot. for Atty. Fees and Costs at 6, ECF No. 133-1; Pls.' Reply in Supp. of Mot. for Atty. Fees and Costs at 4–5, ECF No. 145.[1] Both motions are now ripe for review.

## II. LEGAL STANDARDS

When a court grants a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a), "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or

[1] The Trustees originally requested $34,186.15 but conceded in their reply that that figure was somewhat inflated due to errors in the accompanying invoice. Pls.' Reply in Supp. of Mot. for Atty. Fees and Costs at 4–5.

both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(d)(3) further provides that courts must sanction parties who fail to appear at their own depositions by, among other options, requiring "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Such expenses may include paralegals' fees as well as attorneys' fees. *See, e.g.*, *Walker v. District of Columbia*, 317 F.R.D. 600, 606–07 (D.D.C. 2016). Rule 37(d)(2) specifically provides that a party's failure to appear at a deposition "is not excused on the ground that discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

When a court grants an award of attorneys' fees and costs under Rule 37, "[t]he initial estimate for attorneys' fees is calculated by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *DL v. District of Columbia*, 256 F.R.D. 239, 242 (D.D.C. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). "A strong presumption exists that the product of these two variables—the 'lodestar figure'—represents a reasonable fee." *Id.* (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). "[A]n attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Kattan by Thomas v. District of Columbia*, 995

F.2d 274, 278 (D.C. Cir. 1993) (quoting *Blum*, 465 U.S. at 895–96 n. 11). The Circuit has established that, as a rough guide for what rates are reasonable, courts may look to the "Laffey Matrix," a schedule of fees for Washington, D.C.–area lawyers according to years of experience. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995). In determining whether the number of hours expended is reasonable, courts will exclude hours that are "duplicative, excessive, or otherwise unnecessary." *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 34 (D.D.C. 2010).

## III. DISCUSSION

### A. The Court Will Reconsider its Initial Decision on Attorneys' Fees

As explained above, Rule 37 provides two different possible mechanisms for imposing an award of attorneys' fees related to depositions: an award under Rule 37(a)(5) for litigating a motion to compel a deposition and an award under Rule 37(d)(3) for expenses caused by a party's failure to appear at its own scheduled deposition. Under both rules, a court must not grant the award if the position of the party against whom it is sought "was substantially justified." Fed. R. Civ. P. 37(a)(5)(ii); Fed. R. Civ. P. 37(d)(3). However, only when the award is sought under Rule 37(d)(3)—not when it is sought under Rule 37(a)(5)—the nonmoving party's conduct "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

In the February 28, 2022 Memorandum Opinion, the Court granted the Trustees' motion to compel but found that the opposition to that motion was substantially justified because "[t]here was a 'genuine dispute' as to whether *any* additional discovery was necessary or appropriate" in light of the outcome of the arbitration. *IAM II*, 2022 WL 594539, at *13. The Court therefore determined that an award of attorneys' fees under Rule 37(a)(5) for litigating the motion to compel was inappropriate. The Court further noted, however, that no motion for a protective order under

Rule 26(c) was pending at the time the depositions were canceled, and thus the same excuse was unavailable with respect to an award of attorneys' fees for expenses caused by the wrongful nonappearance at the depositions under Rule 37(d)(3). *Id.* That reasoning remains undisturbed.

However, the Court then stated that it would "sanction the defendants for failing to appear" under Rule 37(d)(3) "by requiring defendants to pay the Trustees' attorneys' fees and costs incurred in preparing for and conducting the three depositions in question." *Id.* The Court regrets that it reached that conclusion without a fuller analysis of what expenses were "*caused* by the failure" to appear at the depositions, which is the only basis on which Rule 37(d)(3) authorizes monetary sanctions. Fed. R. Civ. P. 37(d)(3) (emphasis added). Where a deponent entirely fails to appear and the deposition is never taken, the moving party's efforts have been wasted, and thus the appropriate award may be all expenses "attributable directly to the . . . depositions." *Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 29 (D.D.C. 2015). But where a deponent initially fails to appear but later reschedules the deposition, much of the work can be repurposed for the later deposition, and thus expenses "caused by the failure" to appear, Fed. R. Civ. P. 37(d)(3), might only include those "incurred for the day of [the deponent's] *scheduled* deposition, including," for example, "the cost to secure the services of a court reporter for the purpose of the deposition," *District Title v. Warren*, 319 F.R.D. 25, 35 (D.D.C. 2015) (emphasis added).

The record demonstrates that neither the Trustees' counsel's preparation for the depositions at issue nor their taking of those depositions was "caused by the failure" of the deponents to appear. Fed. R. Civ. P. 37(d)(3). Those depositions were previously noticed and scheduled to occur, and the Trustees have not identified any additional preparation that was occasioned by the cancelation that their attorneys would not have undertaken if the depositions had taken place as previously scheduled. Nor have the Trustees identified any portion of the eventual depositions that was made

lengthier or more difficult by the rescheduling—in other words, there is presently no allegation that the depositions were more expensive when they were rescheduled than they otherwise would have been had the sanctioned conduct never occurred.

That being said, this case presents an unusual situation in which expenses associated with litigating a motion to compel—ordinarily recoverable through a Rule 37(a)(5) motion—were caused by conduct that is sanctionable under Rule 37(d)(3). This is not a case in which, as the Rules' drafters likely envisioned, a party steadfastly opposed a deposition being taken and then the other party eventually moved to compel that deposition. Rather, the Trustees noticed a series of depositions and the M & K Employee Solutions Defendants and Laborforce planned to have their designees attend those depositions until the day before they were scheduled to occur. The M & K Employee Solutions Defendants and Laborforce then abruptly canceled the depositions—the conduct that the Court has decided to sanction. And if not for that conduct, the Trustees would not have had to litigate a motion to compel. Thus, expenses incurred in litigating the motion to compel were "expenses . . . caused by the failure" of the M & K Employee Solutions Defendants and Laborforce to attend their own previously scheduled depositions. Fed. R. Civ. P. 37(d)(3); *cf. Wye Oak Tech., Inc. v. Republic of Iraq*, No. 10-cv-1182-RCL, 2018 WL 6113463, at *2 (D.D.C. Nov. 21, 2018) (awarding attorneys' fees under Rule 37(d)(3) for moving party's litigation of nonmoving party's unsuccessful motion for protective order).

That nuance matters because if the only basis for recovering attorneys' fees in this case were Rule 37(a)(5), the lack of a pending Rule 26(c) motion for a protective order at the time of the motion to compel would not preclude the M & K Employee Solutions Defendants and Laborforce from relying on their otherwise substantially justified opposition to the motion to compel to avoid an award of attorneys' fees. But since the motion to compel was caused by conduct

independently sanctionable under Rule 37(d)(3), Rule 37(d)(2) bars them from relying on that justification.

The Court now concludes that the Trustees are entitled to an award of attorneys' fees under Rule 37(d)(3) for (1) expenses incurred in litigating the motion to compel and (2) any other incidental expenses that were caused by the *cancelation and rescheduling* of the depositions rather than preparing for and taking them *in general*. The Court will entertain a further motion for attorneys' fees and costs on those bases and expect the parties to provide additional briefing quantifying the award sought.

In addition, although the February 28, 2022 Memorandum Opinion did not address this point in detail, the Court now concludes that the award should be payable not only by the M & K Employee Solutions Defendants and Laborforce, but also by their respective counsel. The Trustees note that the M & K Employee Solutions Defendants and Laborforce have both represented to the Court that they have insufficient revenue to pay anything, *see* Defs.' Opp'n to Mot. for Contempt at 5–7, ECF No. 81; Defs.' Opp'n to Mot. for Contempt at 1–5, ECF No. 82, and argue that the award will be ineffectual if it is only against the parties themselves. The M & K Employee Solutions Defendants and Laborforce oppose any award against their respective counsel, noting that the Court's earlier Memorandum Opinion stated simply that it would "sanction the *defendants*." *IAM II*, 2022 WL 594539, at *13 (emphasis added). But neither the M & K Employee Solutions Defendants nor Laborforce dispute that they are unable pay any award of attorneys' fees and costs. Rule 37(d)(3) authorizes an award against "the party, the attorney advising that party, or both," and in this case, the Court finds it appropriate to impose an award against both. After all, the M & K Employee Solutions Defendants and Laborforce do not dispute that it was counsel who

canceled the depositions in response to the arbitrator's decision, and it appears that making counsel jointly responsible for the fees and costs is the only way to ensure that the award is ever paid.

**B. All But One of the Billing Rates the Trustees Seek Are Reasonable**

In the interest of expediting the briefing to come and the eventual ruling thereon, the Court will now consider the reasonableness of the attorney and paralegal rates listed in the present papers. The Trustees represent that their counsel, Proskauer Rose LLP, billed hours associated with the depositions at the following rates:

- Anthony S. Cacace (Partner): $795 per hour
- Neil V. Shah (Senior Associate): $695 per hour
- Anastasia S. Gellman (Staff Attorney): $525 per hour
- Megan K. Cutaia (Senior Labor Paralegal): $375 per hour

Decl. of Neil V. Shah ("Shah Decl. I") ¶ 6, ECF No. 124-2.

The Court finds that the rates for each of the attorneys are reasonable but that the rate for Ms. Cutaia, the paralegal, is not reasonable. The M & K Employee Solutions Defendants and Laborforce do not dispute that these are the rates actually billed by each attorney or paralegal. Each of the three attorneys' rates is substantially close to rates listed on the Laffey Matrix for attorneys of comparable experience. *See* Shah Decl. I ¶¶ 6–9; Laffey Matrix, Ex. 2 to Shah Decl. I, ECF No. 124-4.

However, the rate listed for Ms. Cutaia, $375 per hour, is approximately 80 percent higher than the paralegal rate listed on the Laffey Matrix, $208 per hour. *See* Shah Decl. I ¶¶ 6, 10; Laffey Matrix. To be sure, as the Trustees note, Ms. Cutaia is a senior paralegal with over eight years of experience, Shah Decl. I ¶ 10, and the Laffey Matrix lists only a flat rate for all paralegals regardless of experience. But even such experience, without more, cannot explain such an unusually high rate. *See Spanski Ents., Inc. v. Telewizja Polska S.A.*, 278 F. Supp. 3d 210, 220 (D.D.C. 2017) (finding unreasonable paralegal rates that "appear[ed] to rival rates for qualified

attorneys in their first three years of practice"). The Court will not award sanctions at such a high rate and therefore will not award fees for Ms. Cutaia's work at a rate in excess of her Laffey rate of $208 per hour.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** both motions for attorneys' fees without prejudice to a further motion under Rule 37(d)(3) for attorneys' fees incurred in litigating the successful motion to compel.

**IT IS SO ORDERED.**

Date: 12/5/2022

Royce C. Lamberth
United States District Judge